**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERNON WENDELL RISBY, | No. 17-56946 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:16-cv-02275-AG-JCG |
| KIRSTJEN NIELSEN, Secretary of Homeland Security; TIMOTHY MOYNIHAN; STACY M. SMITH; and JAMES HARRIS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted April 8, 2019**
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,*** District
Judge.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Janet Bond Arterton, United States District Judge for the
District of Connecticut, sitting by designation.

Plaintiff Vernon Risby timely appeals the district court's judgment in favor of Defendants Kirstjen Nielsen, Timothy Moynihan, Stacy M. Smith, and James Harris. The court dismissed one claim for failure to state a claim, and the court granted summary judgment to Defendants on another claim. Reviewing de novo both the dismissal, Gold Medal LLC v. USA Track & Field, 899 F.3d 712, 714 (9th Cir. 2018), and the summary judgment, Lee v. City of Los Angeles, 908 F.3d 1175, 1182 (9th Cir. 2018), we affirm.

1. We agree with Plaintiff that his claim against federal officials, brought under 42 U.S.C. § 1983, may be construed as a claim pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). But the district court correctly held that issue preclusion bars the Bivens claim.

In the complaint, Plaintiff alleged that the Law Enforcement Officers Safety Act of 2004 ("LEOSA") grants him a right to an identification card and that Defendants unlawfully denied him a LEOSA card. The Supreme Court has clarified that a claim asserting a statutory right may be brought only to the extent that the statute grants a private right of action. Ziglar v. Abbasi, 137 S. Ct. 1843, 1855–56 (2017). Whether Plaintiff may bring a Bivens claim seeking to assert a purported right under LEOSA thus hinges on whether LEOSA creates a "private right of action." Id. at 1856 (internal quotation marks omitted).

2

In Plaintiff's earlier action, the district court held that "LEOSA does not establish a private right of action." In that earlier proceeding, that identical issue was actually litigated and decided, was necessary to the decision, and was decided after a full and fair opportunity to litigate. Accordingly, in this case, the district court correctly held that issue preclusion bars Plaintiff's Bivens claim. See, e.g., Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V., 114 F.3d 848, 850 (9th Cir. 1997) (describing the requirements for issue preclusion).

Plaintiff may not, on appeal, broaden the scope of the Bivens claim to assert employment discrimination. The complaint asserts only a right under LEOSA and nowhere ties allegations of discrimination to this claim. See, e.g., Ross v. Williams, 896 F.3d 958, 969 (9th Cir. 2018) (holding that we may not construe a claim beyond the allegations in the complaint); Byrd v. Maricopa Cty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) ("Even construing Byrd's pro se complaint liberally, the allegations failed to state an equal protection claim because they asserted only allegedly harmful treatment and mentioned nothing about disparate treatment, much less about the specific jail policy or gender classification in general."). In any event, Plaintiff is "barred from bringing a constitutional challenge under [Bivens] because Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment." Zeinali v.

Raytheon Co., 636 F.3d 544, 549 n.3 (9th Cir. 2011) (internal quotation marks omitted). The district court correctly dismissed this claim.

2. The district court correctly granted summary judgment to Defendants on Plaintiff's claims of disability discrimination in violation of the Rehabilitation Act of 1973, race discrimination in violation of Title VII, and retaliation for past Equal Employment Opportunity ("EEO") activity in violation of Title VII. The "familiar McDonnell Douglas burden-shifting framework" applies to all three legal theories. Campbell v. Haw. Dep't of Educ., 892 F.3d 1005, 1012 (9th Cir. 2018) (race discrimination); Curley v. City of North Las Vegas, 772 F.3d 629, 632 (9th Cir. 2014) (disability[1] discrimination); Emeldi v. Univ. of Or., 673 F.3d 1218, 1223 (9th Cir. 2012) (Title VII retaliation). Viewing the evidence in the light most favorable to Plaintiff, Martin v. City of Boise, 902 F.3d 1031, 1036 (9th Cir. 2018), even assuming that he has a prima facie case, he cannot show pretext on any of his claims.

---

[1] The Rehabilitation Act expressly adopts the standards under Title I of the Americans with Disabilities Act of 1990. 29 U.S.C. § 794(d); see generally Fleming v. Yuma Reg'l Med. Ctr., 587 F.3d 938, 940–41 (9th Cir. 2009). "[C]ases interpreting either [statute] are applicable and interchangeable." Douglas v. Cal. Dep't of Youth Auth., 285 F.3d 1226, 1229 n.3 (9th Cir. 2002) (internal quotation marks omitted).

There is no evidence that, at the relevant time, Agent Christopher Foster was aware of Plaintiff's disability or EEO activity. Nor is there any evidence that Foster acted on account of race. Plaintiff's speculation to the contrary is insufficient to defeat summary judgment. See, e.g., Loomis v. Cornish, 836 F.3d 991, 997 (9th Cir. 2016) ("Mere allegation and speculation do not create a factual dispute for purposes of summary judgment." (brackets omitted)).

Similarly, no evidence suggests that Agent Alfonso Lozano was even aware of Plaintiff's disability, race, or EEO activity, let alone that he or anyone else acted on account of those attributes. Instead, the evidence in the record suggests only that the invalid database entry—which was never accessed until Plaintiff's request for information—was an accidental mistake.

Finally, Plaintiff has not introduced sufficient evidence to suggest that James Harris denied him a LEOSA card for any discriminatory or retaliatory reason. Instead, Harris stated that Plaintiff was ineligible for a card because he was medically unfit to carry a firearm. Harris' decision is entirely logical and appears to fall well within the bounds of the agency's internal policy. But even if his decision was faulty in some way, an inference of pretext does not arise solely from an honest mistake. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) (holding that summary judgment was appropriate even where the

5

decision-maker's reason is "foolish or trivial or even baseless" (internal quotation marks omitted)); see also Pottenger v. Potlatch Corp., 329 F.3d 740, 748 (9th Cir. 2003) ("[The defendant] has leeway to make subjective business decisions, even bad ones."). The unexplained statement made to Harris by Stacy Smith that Plaintiff is "crazy" does not give rise to an inference that Harris discriminated against Plaintiff because of a physical disability, race, or EEO activity. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918–19 (9th Cir. 1997) (holding that comments such as "old timers" and "we don't necessarily like grey hair" do not necessarily defeat summary judgment in age-discrimination cases).

**AFFIRMED.**